FINAL REPORT[1]


*Revision to the <u>Comment</u> to Pa.R.Crim.P. 523*

RISK ASSESSMENT TOOLS

---

On June 15, 2016, effective October 1, 2016, upon the recommendation of the Criminal Procedural Rules Committee, the Court approved the revision of the *Comment* to Rule of Criminal Procedure 523 (Release Criteria) to recognize the use of risk assessment tools as one factor permitted to be considered in bail determination.

Recently, representatives of the First Judicial District (FJD) in Philadelphia had requested that the Committee consider clarifying that risk assessment tools may be used as part of the determination when setting bail. The FJD is in the process of developing a risk tool to assist Arraignment Court Magistrates and Judges in determining whether defendants at the time of their arrest should be held in custody, released under House Arrest/Electronic Monitoring, released under special conditions, or released on their own recognizance.

This effort in the FJD is consistent with a national trend in moving from a "cash-based release system," which is believed to be more burdensome on lower income defendants, to a "risk-based release system," that attempts to assess the likely danger of non-appearance or other misconduct. In particular, risk assessment tools are intended to use quantifiable statistics in an attempt to determine the potential risk that the defendant may pose and then use that as a basis for determining what conditions should be placed on release. The ultimate goal is to try to add more objectivity to the bail decision.

Simply put, a risk assessment tool is developed by studying cases in the past in which the defendants have committed misconduct while on pretrial bail and determining what factors, such as drug addiction, unemployment, or prior criminal history, are

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

present.  Usually, some type of point system is then developed from this data that will be used to "score" a new defendant as a means of predicting whether the defendant will commit misconduct while on bail.

The risk assessment tool being implemented in Philadelphia is a good example of how such an analysis is developed.  It is based on data of defendants in Philadelphia from 2007-2014 who were arrested and released on pretrial status. The data was analyzed to determine which defendants committed new crimes and the types of characteristics these defendants who were arrested for new crimes possess.  The types of new crimes for which these defendants were arrested while on pretrial status were also analyzed. Over 200,000 defendants' cases were studied.   The factors studied included a defendant's criminal history, age at time of first adult arrest, previous time in jail, current and new charges, and length of previous time in jail.

Risk assessment tools are already in use in a number of jurisdictions, such as Colorado and Kentucky.  Even within Pennsylvania, Allegheny County has used a risk assessment tool for bail determination since 2006.  Use of risk assessment tools is also encouraged in the ABA's Standard on Pretrial Release 10-1.10(i) that urges each jurisdiction, *inter alia,* to:

> (i)  develop and operate an accurate information management system to support prompt identification, information collection and presentation, risk assessment, release conditions selection, compliance monitoring and detention review functions essential to an effective pretrial services agency;…

The Committee also considered whether the rule should provide standards for the type of risk assessment tools that would be permitted. Ultimately, the Committee concluded that the validity of the individual risk tool's methodology was a substantive matter requiring factual determination on a case by case basis.

In light of these considerations, the Committee concluded that currently nothing in the rules precludes the use of such a tool so long as it is not the exclusive means of making the assessment regarding bail.  However, the Committee believes that a clarification on this point would be helpful.  Therefore, the *Comment* to Rule 523 has

been revised to state that the rule does not forbid the use of a risk assessment tool but that the tool must not be the only means of reaching the bail decision.